J. Robert Tolman (#003864)
robert@rtolmanlaw.com
**TOLMAN LAW FIRM**
2173 East Warner Road, Suite 101
Tempe, Arizona 85284
Tel: (480) 625-4501
Fax: (480) 666-9333

Michelle R. Burrows (OSB86160)
Michelle.r.burrows@gmail.com
**LAW OFFICE MICHELLE R. BURROWS**
16869 SW 65th Ave. # 367
Lake Oswego, OR 97035
Tel: (503) 241-1955

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

Mark Enterprises Car Company, LLC, a Michigan limited liability company dba Mark Mitsubishi; Mark Enterprises Car Co. II, LLC, an Arizona limited liability company dba Mark Kia; Mark Enterprises Car Co. III, LLC, an Arizona limited liability company dba Mark Mazda; Mark Dubowy; Dylan Mougel; Joshua Spencer,

Plaintiffs,

vs.

Dilsher Ali; James Connell; James Cope; Reginald Grigsby; John Does 1-3,

Defendants.

Case No.: CV-21-1681-PHX-DLR

**DECLARATION ROBERT TOLMAN**

J. Robert Tolman, being duly sworn, make the following statement:

1. I am an attorney licensed to practice law in Arizona and the United States District Court for the District of Arizona.

2. I am one of the attorneys of record for the Plaintiffs in the above entitled and captioned cause of action. I have been the lead counsel in the above-captioned matter since its inception.
3. This Declaration is submitted in support of the parties Stipulation to Extend Pre-Trial Deadlines. As detailed in the Motion for Extension of Case Management Deadlines, an unfortunate set of circumstances has resulted in the inability of the parties' inability to complete discovery and disclose expert opinions in accordance with the Court's Scheduling Order of 04/26/23 (Doc. 53).
4. In September and October of 2018, I had a series of lumbar surgeries which resulted in chronic and debilitating nerve damage below T12-L1. I have chronic nerve damage from the series of lumbar surgeries and the development of a post-operative bleed and abscess at the approximate level of the medullaris and cauda equina. The damage has resulted in pain, diminution of sensation and difficulty with balance. In August of 2020, I had a left hip replacement with a subsequent fracture of the femur at the femoral component which required a revision surgery with a longer femoral component and a discrepancy in leg length. It aggravated the never damage and balance issues. In August of 2022, I had prostate surgery under general anesthesia. Within a few days of recuperating from the surgery, I contracted Covid which transitioned to

pneumonia. The Covid symptoms persisted, which included "brain fog" and difficulty with executive function, combined with the nerve damage to aggravate the previous nerve, sensory and balance issues. The multiple surgeries and Covid symptoms resulted in a consistent deterioration in my general health, my ability to concentrate and remember, and in executive function. The symptoms were a challenge but not sufficiently severe to cause a significant limitation in the ability to practice law.

5. I consulted various health care providers and specialists in neurology, pain management, cardiology, a neurologist at the Banner Alzheimer's Institute to rule out cerebellar pathology and identify the source of the attention and memory deficits, an internal medicine specialist with a focus in Long Covid, and others. As of July, 2023, my diagnosis was Long Covid and chronic nerve damage with pain and dysfunction in the lower extremities. The chronic pain aggravates the issues with focus, attention and memory. The Long Covid symptoms are intermittently severe and mild. It has taken a long time and a continuation of and gradual increase in the symptoms for me to recognize the extent of the deficiencies and the insidious nature of the condition. The symptoms have been a challenge, but I have been able to continue the practice with a limited number of cases which I have intentionally reduced.

6. Since June of 2022, when my full-time paralegal left, I began to use the services of a contract paralegal working remotely to provide clerical and paralegal support in this case. To preserve confidentiality, I will identify her only as LT. She was critical in managing and working up the case from June 20, 2022, through September 5, 2023. As of September 8, 2023, just a week before two weeks of depositions were to start in this case, LT had completely disappeared. There was no warning or communication. I could not locate her and have been completely unable to communicate with her. As of the date of this Declaration, I am still unable to communicate with her in any way and have no idea what happened to her.
7. Michelle Burrows and I have jointly represented the Plaintiffs. Ms. Burrows was able to manage much of the work from Oregon, but I was responsible for specific tasks which were missed when I was the most severely affected by the illness. Dentons have been in a supporting and advisory position in the litigation and were not involved in the management of the case or the missed tasks.
8. The parties scheduled two weeks of depositions for September 12 through 22, 2023, in Phoenix. Ms. Burrows travelled from Oregon for at least two rounds of work and deposition preparation with our clients. Ms. Burrows and I were scheduled to share the depositions. But as the dates approached it was clear my health condition had deteriorated, and I was not able to fully prepare and take

my share of the depositions. Ms. Burrows had to fill in at the last minute and take all but one of the depositions.

9. I have periodically fallen due to the sensation and balance issues. On September 9, 2023, I fell while walking a level path on South Mountain. I suffered cuts and bruises but was able to attend and at least partially participate in the depositions. The fall significantly aggravated the symptoms I was experiencing and, in particular, the loss of balance and sensation of dizziness, disorientation and cognitive function.

10. I attended each of the depositions personally and became acutely aware I was not able to handle the lengthy and complex depositions. I took one deposition. It was the most straightforward of the depositions. I thought I was adequately prepared and able to take the deposition. In fact, I had confused the deponent witness with a defendant who had recently been dismissed from the lawsuit. I took the entire deposition with the mistaken impression that the deponent witness was no longer a party defendant. That was the turning point in my realization of the insidious nature of cognitive deficiencies. It was extremely confusing, disconcerting and embarrassing. Regardless, I still did not fully comprehend the extent of the dysfunction and the effect it was having on my ability to track, recognize, organize and follow through on tasks.

11. Following the September depositions, Ms. Burrows took a weeklong camping trip. I was tasked with finalizing the scheduling of witnesses who had to be rescheduled, and of serving process on others who were still needed. Plaintiffs need approximately five witnesses who participated in the search warrant affidavit drafting and the actual searches at issue.

12. Following the depositions, I began to experience increasing Long Covid symptoms with less balance and more dizziness and disorientation. I have now discovered that on several occasions, including this case, I thought I had communicated with co-counsel and/or expert witnesses when, in fact, I had not actually effectuated the communications.

13. Prior to September, co-counsel and I had scheduled a series of depositions in a complex medical malpractice case. The depositions were to begin on October 18, 2023. I was to take a majority of the depositions. My two co-counsel were each taking a deposition. On the morning of October 16, 2023, I experienced extreme vertigo and critically high blood pressure. I was evaluated in the Emergency Department of Banner Ocotillo Hospital. The working diagnosis was benign paroxysmal positional vertigo and hypertension, and I was started on blood pressure medication. A subsequent neurological evaluation confirmed a diagnosis of Vision Induced Vestibular Vertigo. For the last eight weeks, due

to the referenced health conditions, I have worked remotely and in a very limited capacity.

14. I have further limited my cases. I now have only three active cases. I have co-counsel to share the work and assure clients are properly served.

15. My symptoms and condition, as indicated, have continued in intermittent episodes of severity. At times, I have been encouraged as the symptoms have seemed to improve. Overall, however, there has been no significant and consistent improvement. For example, last week I tripped/fell on Friday (December 1) and again on Saturday (December 2).

16. This morning (December 4) I was tested, evaluated, and provided vestibular therapy. I have been advised I have a complex set of conditions which include benign paroxysmal positional vertigo, vision induced vertigo, complex brain involvement of undetermined correlation/etiology, and the Long Covid symptoms. Resolution is uncertain but it will involve an extended course of therapies and treatment. The symptoms and dysfunction will continue indefinitely and will affect my ability to undertake complex tasks in the remaining cases.

17. At times, I am not only limited in my ability to work but am completely incapacitated and unable to perform any task in any case. Therefore, I will be

unable to serve as lead counsel in any of the remaining cases; I will only be able to serve in a limited capacity in each of the cases.

18. Effective management and prosecution of the case will require local counsel as the clients and almost all of the witnesses and evidence are in Arizona. It will take time to retain another Arizona attorney and, once the attorney is retained, it will take time for him/her/them to get up to speed on the case. Michelle and I will, of course, be available to assist new counsel in getting up to speed.

19. The clients and co-counsel have been consulted and are aware of the situation. I will remain in an advisory capacity. I will also assist in obtaining new counsel in Arizona to take the lead and to work with Ms. Burrows in the prosecution of the claim. The clients will, of course, make the final decision.

20. The parties have worked diligently on the case. However, as a result of a combination of the underappreciated effects of the referenced health conditions I was experiencing, miscommunications with Ms. Burrows, her reliance on me to maintain the schedule and meet the deadlines, and my staff changes, I missed certain aspects of the case due to the sudden and overwhelming exacerbation of the above symptoms and medical conditions. In dealing with the changes and challenges, I simply failed to keep track of the calendar, missed the deadlines, and failed to seek an extension of the deadlines before the deadline for the completion of discovery had passed.

21. I fully expect Plaintiffs will be able to conclude the discovery of this case with the last few depositions each of which likely will take less than two hours each and can be held remotely. Ms. Burrows has been communicating with Mr. Torrens about these issues and conferring about extensions.

Dated this 4th day of December 2023.

**TOLMAN LAW FIRM**

By *<u>/s/J. Robert Tolman</u>*
J. Robert Tolman
of Attorneys for Plaintiffs